

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

BELL INCORPORATED,                                    :

            Plaintiff,                       :

vs.                                                   :

IFS INDUSTRIES, INC.,                                 :

            Defendant.                       :

CIV. 09- 4187

NOTICE AND
PETITION FOR REMOVAL

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

TO THE ABOVE-ENTITLED COURT:

Defendant IFS Industries, Inc., hereby files this Notice of Removal of the above-described action to the United States District Court for the District of South Dakota, Southern Division, from the South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County, where the action is now pending, and states:

1.     This action is a breach of warranty and negligence action and the United States District Court for the District of South Dakota has jurisdiction by reason of the diversity of citizenship of the parties.

2.     On November 18, 2009, when the action was commenced in Minnehaha County, Second Judicial Circuit, Defendant IFS Industries, Inc., was, and now is, a

Civ. 09-
Notice and Petition for Removal
Page 2

corporation organized, formed and incorporated in and under the laws of the State of

Pennsylvania, having its principal place of business in Reading, Pennsylvania.

3. At all times, and on November 18, 2009, when the action was commenced

in Minnehaha County, Second Judicial Circuit, Plaintiff was, and now is, a corporation

organized and existing under the laws of the State of South Dakota.

4. As to Plaintiff's claims against Defendant IFS Industries, Inc., the matter in

controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of

interest and costs.

5. There is diversity of citizenship between Plaintiff and Defendant and the

basis for jurisdiction is 28 U.S.C. § 1332.

6. Defendant IFS Industries, Inc., was served with the Summons and

Complaint on November 18, 2009.

7. Attached to and filed with this notice are copies of the Summons,

Complaint and Jury Trial Demand, which are the only process, pleadings, or orders

served upon Defendant or on file in this matter.

8. With respect to the amount in controversy, Plaintiff's Complaint seeks

damages for breach of express warranty, breach of implied warranty of fitness for a

particular purpose, breach of implied warranty of merchantability and negligence as well

as attorneys fees from Defendant IFS Industries, Inc. The amount Plaintiff seeks to

Civ. 09-
Notice and Petition for Removal
Page 3

recover from Defendant IFS Industries, Inc., exceeds Seventy Five Thousand Dollars

($75,000), exclusive of interest and costs.

9.  Defendant will give written notice of the filing of this notice as required by

28 U.S.C. § 1446(d).

10.  A copy of this notice will be filed with the Minnehaha County Clerk of the

South Dakota Circuit Court, Second Judicial Circuit, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant requests that this action proceed in this Court as an

action properly removed to it.

Dated this _17th_ day of December, 2009.

FULLER & SABERS, LLP

William Fuller
7521 S. Louise Avenue
Sioux Falls, SD 57108
Phone 605-333-0003
Fax  605-333-0007
Email bfuller@fullerandsabers.com
Attorneys for Defendant IFS Industries, Inc.

| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
|---|---|---|
| | : ss | |
| COUNTY OF MINNEHAHA | ) | SECOND JUDICIAL CIRCUIT |

| | |
|---|---|
| BELL INCORPORATED, | Civ. No. 09-_____ |
| Plaintiff, | |
| vs. | **SUMMONS** |
| IFS INDUSTRIES, INC., | |
| Defendant. | |

THE STATE OF SOUTH DAKOTA TO THE ABOVE-NAMED DEFENDANT, GREETINGS:

You are hereby summoned and required to answer the Complaint of the above-named Plaintiff, a copy of which is hereto annexed and herewith served upon you, and to serve a copy of your Answer on the subscribers at their office at 100 North Phillips Avenue, 9th Floor, Sioux Falls, South Dakota, 57104-6725, within thirty (30) days after the service of this Summons upon you, exclusive of the day of service, and if you fail to answer within said time, judgment by default may be rendered against you for the relief requested in the Complaint.

Dated this _10th_ day of November, 2009.

CUTLER & DONAHOE, LLP
Attorneys at Law

Kent R. Cutler
100 N. Phillips Ave., 9th Floor
Sioux Falls, SD 57104-6725
(605) 335-4950
Attorneys for Plaintiff

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | : ss | |
| COUNTY OF MINNEHAHA | ) | SECOND JUDICIAL CIRCUIT |

| | |
|---|---|
| BELL INCORPORATED, | Civ. No. 09-__ ____ |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| IFS INDUSTRIES, INC., | |
| Defendant. | |

COMES NOW Plaintiff Bell Incorporated and for its Complaint and causes of action against Defendant IFS Industries, Inc. states and alleges as follows:

### PARTIES AND JURISDICTION

1.     At all times material hereto, Bell Incorporated (hereinafter referred to as "Bell") has been a corporation organized and existing under the laws of the State of South Dakota, which engages in the manufacture of various paper products, with its principal place of business located at 1411 D Avenue, Sioux Falls, Minnehaha County, South Dakota.

2.     Upon information and belief, IFS Industries, Inc. (hereinafter referred to as "IFS") has been a corporation organized and existing under the laws of the State of Pennsylvania, which engages in the manufacture and sale of adhesive products, with its principal place of business located at 400 Orrton Avenue, Reading, Pennsylvania, at all times material hereto. IFS regularly transacts business within the State of South Dakota although it is not registered with the South Dakota Secretary of State to do so.

3.     Jurisdiction and venue herein are predicated, *inter alia*, upon SDCL § 15-7-2 and SDCL § 15-5-6, respectively.

## SUBSTANTIVE ALLEGATIONS

4.     Bell is the largest manufacturer of express courier paperboard envelopes in the United States.

5.     For several years, IFS supplied Bell with hot melt adhesive for use on the closure flap of several types of express courier envelopes produced by Bell.

6.     IFS generally supplied Bell with M733 adhesive for use in producing the express courier envelopes.

7.     For a period of time in 2006, IFS was unable to supply Bell with M733 adhesive, apparently because of issues IFS had with supplies of raw materials used in the production of M733 adhesive.

8.     During the time when M733 adhesive was unavailable in 2006, IFS supplied Bell with M781 adhesive which IFS represented would perform similarly to the M733 adhesive Bell ordinarily used in the production of its express courier envelopes.

9.     Bell qualified the M781 adhesive through internal production trials prior to utilizing M781 adhesive in the production of its express courier envelopes in 2006.

10.     The M781 adhesive supplied by IFS in 2006 continued to meet Bell's testing protocols and those of its customers post-production.

11.     Following the period of time in 2006 when M733 adhesive was unavailable to late fall 2008, IFS supplied Bell with M733 adhesive for use in the production of the express courier envelopes.

12.     In late fall 2008, IFS again substituted what was represented to be M781 adhesive in place of the M733 adhesive apparently because of supply issues with the raw materials used in the production of M733 adhesive.

2

13.   When Bell began using M781 adhesive in its manufacturing process in November 2008, its employees noticed a strong odor which they did not recall from the prior use of M781 in 2006.

14.   Bell immediately advised IFS of the odor and IFS assured Bell the odor presented no problem.

15.   In January 2009, Bell began receiving complaints from several customers that the closure flap on the express courier envelopes produced by Bell would not seal or failed to remain sealed.

16.   Bell sent a number of its employees to customer sites to investigate these complaints.

17.   Bell's employees' onsite testing in each instance confirmed that the closure flap on the express courier envelopes would not seal or failed to remain sealed.

18.   Bell's investigation further determined that the express courier envelopes on which the closure flap would not seal or failed to remain sealed were envelopes produced with M781 adhesive supplied by IFS in late 2008.

19.   As a result, Bell's customers rejected the express courier envelopes produced with IFS's M781 adhesive in 2008 and Bell immediately discontinued the use of the M781 adhesive.

20.   Bell hired an independent laboratory to test and compare samples of IFS's 2006 M781 adhesive and 2008 M781 adhesive Lot Nos. L17801 and MO4802.

21.   The laboratory test results concluded that each of the three lots of IFS M781 adhesive are compositionally different or, in other words, different products which perform differently.

22.   The laboratory test results further concluded that IFS 2008 M781 Lot No. L17801

3

failed to properly adhere as the result of the presence of something akin to fatty acid, ketone, and/or mineral spirits.

## FIRST CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY)

23.     Bell hereby realleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.     IFS expressly warranted that M781 adhesive would perform similarly to the M733 adhesive Bell ordinarily used in the production of its express courier envelopes.

25.     IFS further expressly warranted that M781 adhesive exhibits aggressive tack with high shear and was appropriate for Bell's intended use on the closure flap of its express courier envelopes.

26.     IFS further expressly warranted that the M781 adhesive supplied in 2008 was the same product as the M781 adhesive supplied in 2006.

27.     The M781 adhesive supplied by IFS in 2008 did not conform to these express representations as follows: 1) the 2008 M781 adhesives were different products than that supplied in 2006; 2) the 2008 M781 did not perform similarly to the M733 adhesive Bell ordinarily used in the production of its express courier envelopes; 3) the 2008 M781 did not exhibit aggressive tack with high shear; and 4) the closure flap on Bell's express courier envelopes produced with the 2008 M781 adhesive would not seal or failed to remain sealed.

28.     In purchasing the M781 adhesive as a substitute for the M733 adhesive Bell ordinarily used in the production of its express courier envelopes, Bell relied on the skill and judgment of IFS and on IFS's express warranties.

29.     At the time of Bell's purchase of the 2008 M781 adhesive, IFS's express warranties were not true and the product represented to be M781 adhesive was not reasonably suitable and fit

4

for Bell's intended purposes.

30.     As a direct and proximate result of IFS's breaches, Bell has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE)

31.     Bell hereby realleges Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     For several years, IFS sold Bell hot melt adhesive for use on the closure flap of several types of express courier envelopes Bell produced.

33.     IFS knew the particular purpose for which its hot melt adhesive was required when IFS substituted M781 adhesive in 2008 in place of the M733 adhesive it generally sold to Bell.

34.     IFS impliedly warranted that M781 adhesive was fit and suitable for use on the closure flap of Bell's express courier envelopes.

35.     In purchasing and using M781 adhesive, Bell relied on IFS's skill and judgment and the implied warranty of fitness for the purpose for which Bell purchased the M781 adhesive.

36.     The 2008 M781 was not fit for use for its intended purpose and as a result IFS breached the warranty of fitness for a particular purpose.

37.     As a direct and proximate result of IFS's breach, Bell has suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

38.     Bell hereby realleges Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     IFS impliedly warranted to Bell that M781 adhesive was safe, merchantable, and fit

5

for the ordinary purpose for which the product is used.

40.     Bell reasonably relied on the skill and judgment of IFS as to whether M781 was of merchantable quality and safe and fit for its intended use.

41.     The 2008 M781 manufactured by IFS and purchased by Bell was not of merchantable quality; rather it was unfit, unsafe, and unusable for the purpose for which it was intended.

42.     The condition of the 2008 M781 constituted a breach of IFS's implied warranty of merchantability.

43.     As a direct and proximate result of IFS's breach, Bell has suffered damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

44.     Bell hereby realleges Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     IFS had a duty to exercise reasonable care in the design, manufacture, testing, and inspection of its hot melt adhesive so that the product could be used and perform in the manner reasonably foreseeable to IFS.

46.     IFS was negligent in its design, manufacture, testing, and inspection of the M781 adhesive in that it sold Bell three separate lots of M781 all of which were compositionally different, or in other words, different products which perform differently.

47.     As a direct and proximate result of IFS's breaches, Bell has suffered damages in an amount to be proven at trial.

6

WHEREFORE, Bell respectfully requests the following relief:

1.      Judgment in favor of Bell against IFS for each count alleged against it above, awarding Bell its damages in an amount proven at trial, plus reasonable attorney fees, costs, interest and disbursements;

2.      Such other, further or different relief which to the Court may seem just and equitable.

Dated this _10th_ day of November, 2009.

> CUTLER & DONAHOE, LLP
> Attorneys at Law
>
>
> Kent R. Cutler
> 100 N. Phillips Ave., 9th Floor
> Sioux Falls, SD 57104-6725
> (605) 335-4950
> Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury pursuant to SDCL §15-6-38.

> Kent R. Cutler

7